**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| ERNEST A. SWINSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 4:23-CV-1160 RHH |
| | ) | |
| PATRICIA L. COHEN, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**OPINION, MEMORANDUM AND ORDER**

Self-represented plaintiff Ernest A. Swinson brings this action under 42 U.S.C. § 1983 for alleged violations of his civil rights. The matter is now before the Court upon the motion of plaintiff for leave to proceed in forma pauperis, or without prepayment of the required filing fees and costs. [ECF No. 2]. Having reviewed the motion and the financial information submitted in support, the Court will grant the motion. *See* 28 U.S.C. § 1915. Furthermore, after reviewing the complaint, the Court will dismiss the complaint as frivolous and for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B).

**Legal Standard on Initial Review**

Under 28 U.S.C. § 1915(e)(2), the Court may dismiss a complaint filed in forma pauperis if the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. When reviewing a complaint filed by a self-represented person under 28 U.S.C. § 1915, the Court accepts the well-pleaded facts as true, *White v. Clark*, 750 F.2d 721, 722 (8th Cir. 1984), and it liberally construes the complaint. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits the claim to be considered

within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even self-represented plaintiffs are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (refusing to supply additional facts or to construct a legal theory for the self-represented plaintiff).

To state a claim for relief, a complaint must plead more than "legal conclusions" and "[t]hreadbare recitals of the elements of a cause of action [that are] supported by mere conclusory statements." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Id.* at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. *Id.* at 679.

## The Complaint

Plaintiff Ernest Swinson brings this action under 42 U.S.C. § 1983, alleging violations of his civil rights. Most of the claims in plaintiff's complaint appear to relate to his July 2001 Missouri State criminal trial in the City of St. Louis, as well as certain post-conviction proceedings after the trial. He sues the following defendants: Patricia L. Cohen (prior Missouri State Judge); Ellen Ribaudo (prior Missouri Public Defender); Kristine Kerr (Missouri Public Defender); Angela Turner-Quigless (Missouri State Judge); Pamela Schreiber (Missouri State Prosecutor); Anna Fonder (Missouri State Judge); Thomas Clark, II (Missouri State Judge); Cynthia Tanner (Missouri Court Reporter); Kevin Stone (Randolph County Assessor); Gwenda Robinson (Missouri Public Defender); John Garvey (Missouri State Judge); George Pruneau (Missouri State Judge); and Kevin Cahill (Missouri Court Manager).

Plaintiff's complaint and accompanying attachments number forty-four (44) pages in total. As a result, it is difficult to ascertain plaintiff's specific claims for relief and the jurisdictional bases for the claims.[1] From an overview of plaintiff's complaint, it appears that he is attacking several issues that occurred during and immediately after his criminal proceedings in *State v. Swinson,* No. 220001-00276-01 (22nd Jud. Cir., St. Louis City Court). For example, he asserts that Judge Angela Turner-Quigless, on January 26, 2000, breached Supreme Court Rule 2[2], as well as 18 U.S.C. § 245 and the Fourteenth Amendment's Due Process Clause.

Plaintiff additionally claims that defendants Kristine Kerr and Pamela Schrieber, a public defender and a prosecutor, respectively, "although not physically present in Div. 25 at 9:30 a.m. on 1/26/00 are still liable per Supreme Court Rule 4-1.1, 4-1.3, 4-1.18, and 4-8.4. Officials are obligated by law and any abuse of power under the guise of State authority are therefore illegal."

Without including any mention of the specific alleged violation of rights, plaintiff goes on to claim that Judge Patricia Cohen, "continued Judge Turner-Quigless['] Deprivation of Rights Under the Color of Law. This collective upgraded any federally protective activities of plaintiff."

---

[1]Under the portion of plaintiff's complaint titled, "Basis for Jurisdiction," plaintiff indicates that he is asserting claims against defendants pursuant to the following:

> Breach of Contract (190); Assault, Libel and Slander (320); Racketeer Influneced [sic] and Corrupt Organization (470); 42 U.S.C. § 14141; 18 U.S.C. § 241, 242 and 245; Supreme Court 4-8.4, 4-1.1, 4-1.1, 4-1.13 and 4-1.18.

However, on his "Civil Cover Sheet," plaintiff asserts that he is bringing claims for:

> 190 All Other Contract Action; 470 Racketeer Influenced and Corrupt Organization; 320 Assault, Libel, Slander; 370 Fraud Action; 443; 899; 360; 245; 18 U.S.C. Section 245 Federally Protected Activities; 42 U.S.C. Section 14141 Pattern and Practice; Supreme Court Rule 2; Supreme Court Rule 4-1.1 Competence; Supreme Court Rule 4-1.3 Diligence; Supreme Court Rule 4-1.18 Duties to Prospective Client; RSMo 370.090, 570.100 and 334.250.

[2]Throughout plaintiff's complaint he insists defendants have violated Supreme Court judicial rules. A violation of judicial rules, however, does not suffice to state a constitutional violation or violation of federal law. Rather, a judicial rule provides a Code of Judicial Conduct for Missouri judges and lawyers.

He asserts that Judge Patricia Cohen "granted lieu of indictment 7/12/01, after pretrial motion and trial date was set," and she continued "conspiracy against rights. . .[when she] coerced Court Reporter Cynthia Tanner to strike the lesser included jury verdict Manslaughter off the records, dismissed the second degree murder then documented that plaintiff was convicted of first degree murder."

Plaintiff then alleges that defendant Ellen Ribaudo "did not object to the judicial misconduct of Judge Cohen aiding in the conspiracy against rights, deprivation of rights under the color of law and continues to violate plaintiff['s] federally protected rights until present day."

Additionally, plaintiff claims that a month after he was released from prison in April of 2017, "Randolph County Courthouse Personnel (KS) fraudulently changed the agricultural plat and Deed Warranty description of Ernest A. Swinson residence and property."[3] When the plat was purportedly changed in May of 2017, plaintiff claims that an individual named Michael Kallmeyer became the owner of "half [his] physical residence [at] 3545 County Road 2410, Armstrong, Missouri 65230, and the whole garage." And sometime in 2019, Kallmeyer leased his portion of the land to the Missouri Department of Conversation, which plaintiff believes to be a deprivation of his Constitutional rights.

---

[3]Plaintiff claims that several Randolph County Courthouse personnel, and other corporate entities, are liable to him for their alleged role in the violation of his "federally protected rights." He names the following: Kevin Stone; Mark Price; Denise Crutchfield; Rendi Boyd; Dorinda Dameron; Sid Conklin; Michelle Lee; Michelle Chatman; Kristi Chase; Terri Maddox; Town and Country Extract; Regina Ragsdale and Dawn Kribbs. Plaintiff, however, fails to articulate exactly what these individuals and corporate entities did to allegedly violate his civil rights.

Last, plaintiff claims that because he was "wrongfully" convicted in *State v. Swinson*, No. 220001-00276-01 (22nd Jud. Cir., St. Louis City Court), he was not elected to the IUE-CWA Local 86821 Executive Board[4] after being nominated in 2020.[5]

The Court takes judicial notice that plaintiff filed suit in Boone County Court against defendants Hubbell Power Systems, the President of IUE-CWA Local 86821 Jessie Matthew Montgomery, Hubbell's Human Resources Manager Kristen Thomure, Plant Manager Ed Gee, IUE-CWA Vice President David Brand, IUE-CWA Representative Lance Bergmann, Assistant to the President Laura Hagan, Supervisor Kamara Cecil and Human Resources Representative Clarice Rogers on June 2, 2023. *See Swinson v. Hubbell Power Systems*, No. 23BA-CV02456 (13th Jud. Cir., Boone County Court). The matter was removed to the United States District Court for the Western District of Missouri on November 29, 2023. *See Swinson v. Hubbell Power Systems*, No. 2:23-CV-4219 (W.D.Mo.). Plaintiff appears to be bringing claims against defendants relating to race and color discrimination and discriminatory actions relating to the termination of his employment. Plaintiff also brings claims relating to unfair labor practices. He also alleges claims for sexual harassment in that lawsuit.

For relief in this action, plaintiff seeks monetary compensation of "1 million per year of imposed sentence plus total value of 22nd Judicial surety bond for breach of contract."

---

[4]Plaintiff is referring to the International Union of Electrical Workers/Communication Workers of America. The Local 86821 Office is in Centralia, Missouri.

[5]Plaintiff was employed at Hubbell Power Systems during this time. He claims that the employees at Hubbell are "relatives and associates of "Randolph County Courthouse personnel."

## Plaintiff's Relevant State Court Criminal Background

According to an independent review of plaintiff's criminal background on Missouri Case.net, the State of Missouri's online docketing system,[6] plaintiff was found guilty by a jury on July 11, 2001, of second-degree murder, for which he was sentenced on September 21, 2001, to 20 years imprisonment.[7] *State v. Swinson,* No. 220001-00276-01 (22nd Jud. Cir., St. Louis City Court). The charge arose out of the January 22, 2000, death of plaintiff's six-week-old son, by violent shaking. The conviction was affirmed on direct appeal on December 10, 2002.[8] *State v. Swinson*, No. ED80219 (Mo.Ct.App. 2002). On April 7, 2003, plaintiff filed a pro se motion for post-conviction relief in state court, and on July 7, 2003, appointed counsel, Gwenda Robinson, filed an amended motion. *Swinson v. State*, No. 2203P-04369 (22nd Jud. Cir., St. Louis City Court). This motion was denied on September 23, 2003, by Judge Cohen. *Id.* The denial was summarily affirmed on appeal on October 19, 2004.[9] *Swinson v. State*, No. ED83678 (Mo.Ct.App. 2004).

Plaintiff filed an application for writ of habeas corpus in this Court on October 20, 2005. *Swinson v. Dwyer*, No. 4:05-CV-1918 CDP (E.D.Mo.). The application for writ was denied on March 3, 2009. *Id.*

---

[6]The Court takes judicial notice of these public state records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district courts may take judicial notice of public state records); *Stutzka v. McCarville*, 420 F.3d 757, 761 n. 2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

[7]Circuit Court Judge Patricia Cohen presided over plaintiff's criminal trial, and plaintiff was represented by Missouri State Public Defenders Ellen Ribaudo and Kristine Kerr. The Prosecutor in the case was Allison Lee (Schreiber), and the Missouri State Court Reporter was Cynthia Tanner. In pretrial proceedings, plaintiff also appeared before Judge Anna Forder.

[8]Plaintiff was represented by several Missouri State Public Defenders on appeal: Gwenda Renee Robinson, Daniel Mohs and Edward Scott Thompson.

[9]The mandate from the Court of Appeals appears to have been signed by Judge John Garvey.

**Discussion**

Plaintiff filed this § 1983 suit to contest his July 2001 Missouri State criminal trial and post-conviction proceedings which occurred relating to that trial. In essence, plaintiff brings claims alleging that he was wrongfully convicted and falsely imprisoned. Plaintiff also alleges that because of the wrongful conviction, he suffered violations of his civil rights after he was released from prison including the loss of part of his land in Randolph County in April of 2017. Last, plaintiff asserts that because of his conviction, he lost an election to the Executive Board of the IUE-CWA Local 86821 in 2020, and in 2020, he was sexually assaulted at work, denied promotions, and racially discriminated against in the terms and conditions of his employment, and then wrongfully terminated from Hubbell Power Systems.

Based on a careful review and liberal construction of the pleadings, the Court finds that this case is subject to dismissal as frivolous and for failure to state a claim upon which relief may be granted under 28 U.S.C. § 1915(e)(2)(B).

Plaintiff's claims arising prior to September 14, 2018, are barred by the applicable statute of limitations. Additionally, plaintiff assertions that he was wrongfully imprisoned and any claims relating to that assertion are barred by *Heck v. Humphrey*. 512 U.S. 477, 486-87 (1994). Furthermore, to the extent that plaintiff asserts that his constitutional rights were violated due to the loss of his executive board election with the IUE-CWA Local 86821 in 2020, his claims are subject to dismissal as the Union and its employees are not subject to suit under 42 U.S.C. § 1983. Moreover, plaintiff has not causally connected the loss of his election to the Executive Board to his alleged conviction. Last, the Court will strike plaintiff's claims relating to his employment at Hubbell and for unfair labor practices there, as those claims are duplicative of claims currently being raised in *Swinson v. Hubbell Power Systems,* No. 2:23-CV-4219 (W.D.Mo.) in the United States District Court for the Western District of Missouri.

I.        **Plaintiff's Claims Arising Prior to September 14, 2018, are Time-Barred**

From the allegations above, as well as the remainder of the allegations in plaintiff's forty-four (44) page complaint, it is clear plaintiff is attacking his conviction and sentence in *State v. Swinson,* No. 220001-00276-01 (22nd Jud. Cir., St. Louis City Court), as well as all post-conviction proceedings relating to his conviction. Because 42 U.S.C. § 1983 provides no specific statute of limitations period, the controlling limitation period is the most appropriate period provided by state law. *Buford v. Tremayne*, 747 F.2d 445, 447 (8th Cir. 1984) (citing *Johnson v. Ry. Express Agency*, 421 U.S. 454, 462 (1975); *Foster v. Armontrout*, 729 F.2d 583, 584 (8th Cir. 1984)). Section 1983 claims are analogous to personal injury claims and are therefore subject to Missouri's five-year statute of limitations. *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 766-67 (8th Cir. 2005); Mo. Rev. Stat. § 516.120(4). "Although the statute of limitations is an affirmative defense, a district court may properly dismiss an in forma pauperis complaint under 28 U.S.C. § 1915[] when it is apparent the statute of limitations has run." *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992) (citations omitted).

In this case, plaintiff seeks damages for alleged constitutional violations which purportedly occurred after he was convicted in September of 2001. Plaintiff's complaint in this matter is dated September 14, 2023. Based on a five-year statute of limitations for § 1983 claims, plaintiff's claims arising prior to September 14, 2018, are time-barred. As such, most of the claims contained in plaintiff's complaint are time-barred and subject to dismissal. This includes any claims brought against prosecutors, judges, public defenders, 22nd Judicial Circuit Court Officials (such as the Court Manager and Court Reporter), as well as any claim that plaintiff was wrongfully convicted or imprisoned. Plaintiff's claims that he lost his land in 2017 are also time-barred, as brought against Randolph County Courthouse Personnel, as those claims are occurred prior to September of 2018. These claims appear to have been brought against Kevin Stone, Mark Price, Denise

Crutchfield, Rendi Boyd, Dorinda Dameron, Sid Conklin, Michelle Lee, Michelle Chatman, Kristi

Chase, Terri Maddox, Town and Country Extract, Regina Ragsdale and Dawn Kribbs.

## II.    Plaintiff's Claims that he was Wrongfully Convicted and Imprisoned are *Heck*-barred

Even if most of plaintiff's claims were not time-barred, the Court could not grant the relief

plaintiff seeks. According to the United States Supreme Court, a § 1983 claim for money damages

"for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions

whose unlawfulness would render a conviction or sentence invalid," is not cognizable under §

1983 unless the plaintiff can demonstrate that his criminal conviction or sentence has already been

invalidated. *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994).  The Supreme Court later expanded

its holding in *Heck* by stating that an action "is barred (absent prior invalidation) - no matter the

relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state conduct

leading to conviction or internal prison proceedings) - *if* success in that action would necessarily

demonstrate the invalidity of confinement or its duration."  *Wilkinson v. Dotson*, 544 U.S. 74, 81-

82 (2005) (emphasis in original).

Here, plaintiff is essentially trying to overturn his criminal conviction from state court.

Plaintiff cannot bring a federal § 1983 lawsuit to appeal a state court criminal judgment.  Plaintiff's

claims relate to the legitimacy of his criminal conviction, and he blames defendants for his loss of

freedom and subsequent issues relating to his criminal conviction such as loss of land. Plaintiff

seeks money damages and declaratory and injunctive relief. A finding by this Court that

defendants' allegedly unlawful acts caused plaintiff's unconstitutional imprisonment, would

render plaintiff's criminal conviction or sentence invalid. There is no evidence to indicate that

plaintiff's state court conviction and sentence have been invalidated previously by any court to

have considered them.  For all of these reasons, plaintiff's claims here are not cognizable under §

1983 and subject to dismissal for failure to state a claim. *See also Schafer v. Moore*, 46 F.3d 43,

45 (8th Cir. 1995) (affirming district court's failure to state a claim dismissal of a § 1983 damages action where judgment in favor of plaintiff would necessarily imply the invalidity of his continued confinement).

## III.   Plaintiff's Claims for Constitutional Violations Against the Union Fail to State a Claim

To the extent that plaintiff asserts that his constitutional rights were violated due to the loss of the election to the Executive Board at IUE-CWA Local 86821 in 2020, his claims are also subject to dismissal because the Union and its employees are not subject to suit under 42 U.S.C. § 1983. This Union is a private actor and cannot be sued under § 1983.[10]

Additionally, plaintiff has not causally connected the loss of his election to his alleged conviction or to any action by the alleged defendants. As such, due to the aforementioned reasons, plaintiff's claims relating to his failure to be elevated to the Executive Board at the IUE-CWA Local 86821 in 2020 are subject to dismissal.

## IV.   Plaintiff's Employment Discrimination Claims Against Hubbell Systems and Unfair Labor Relations Claims Against IUE-CWA

Last, the Court will strike plaintiff's employment discrimination claims, and unfair labor relations claims brought against Hubbell Systems and any remaining defendants. As plaintiff filed a complaint in Boone County Court relating to those claims on June 2, 2023, *see Swinson v. Hubbell Power Systems,* No. 23BA-CV02456 (13th Jud. Cir., Boone County Court), which has

---

[10]To state a claim for relief under 42 U.S.C. § 1983, "a plaintiff must allege sufficient facts to show (1) that the defendant(s) acted under color of state law, and (2) that the alleged wrongful conduct deprived the plaintiff of a constitutionally protected federal right." *Zutz v. Nelson*, 601 F.3d 842, 848 (8th Cir. 2010). With regard to the first element, a defendant can only be held liable pursuant to § 1983 for actions taken under color of state law. *Carlson v. Roetzel & Andress*, 552 F.3d 648, 650 (8th Cir. 2008). *See also Magee v. Trustees of Hamline Univ., Minn.*, 747 F.3d 532, 535 (8th Cir. 2014) (stating that § 1983 "imposes liability for certain actions taken under color of law that deprive a person of a right secured by the Constitution and laws of the United States"); *Sanders v. Sears, Roebuck & Co.*, 984 F.2d 972, 975 (8th Cir. 1993) (stating that § 1983 secures constitutional rights from government infringement, not infringement by private parties); and *Montano v. Hedgepeth*, 120 F.3d 844, 848 (8th Cir. 1997) (stating that pursuant to § 1983, "the challenged conduct must have been committed by one who acts under color of law").

subsequently been removed to the United States District Court for the Western District of Missouri, *Swinson v. Hubbell Power Systems*, No. 2:23-CV-4219 (W.D.Mo.), the Court feels it is more appropriate to let the Western District handle those claims in that matter. As such, these claims will be stricken from the complaint.

**Conclusion**

Having thoroughly reviewed and liberally construed the complaint, the Court concludes that it is subject to dismissal because it is frivolous and/or fails to state a claim upon which relief may be granted. The Court can envision no amendment to the complaint that would cause it to state a plausible claim for relief. The Court will therefore dismiss this action at this time, without prejudice, and will decline to exercise supplemental jurisdiction over any state law claims plaintiff may be understood to bring. *See* 28 U.S.C. § 1367(c)(3); *United Mine Workers v. Gibbs*, 383 U.S 715, 726 (1966) (if federal claims are dismissed before trial, remaining state claims should also be dismissed); *Crest Construction II, Inc. v. Doe*, 660 F.3d 346, 359 (8th Cir. 2011) (where all federal claims have been dismissed, district court's decision to decline supplemental jurisdiction over state claims is "purely discretionary").

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for leave to proceed in forma pauperis [ECF No. 2] is **GRANTED.**

**IT IS FURTHER ORDERED** that the Court **shall strike from plaintiff's complaint**, as duplicative of the claims included in *Swinson v. Hubbell Power Systems*, No. 2:23-CV-4219 (W.D.Mo.), **all employment discrimination claims and unfair labor relations claims.**

**IT IS FURTHER ORDERED** that the Clerk shall **not** issue process or cause process to issue upon the complaint because the remaining portions of the complaint are frivolous and/or fails

to state a claim upon which relief can be granted. Plaintiff's claims are **DISMISSED without prejudice**. *See* 28 U.S.C. § 1915(e)(2)(B).

      **IT IS FURTHER ORDERED** that to the extent plaintiff's complaint contains any state law claims, those claims are **DISMISSED** pursuant to 28 U.S.C. § 1367(c)(3) without prejudice.

      **IT IS FURTHER ORDERED** that plaintiff's motion for default judgment [ECF No. 6] is **DENIED**.

      **IT IS HEREBY CERTIFIED** that an appeal from this dismissal would not be taken in good faith.

      An Order of Dismissal will accompany this Memorandum and Order.

      Dated this 30th day of November, 2023.

                        HENRY EDWARD AUTREY
                        UNITED STATES DISTRICT JUDGE